UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARY FENLON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-CV-00185(JCH) |
| | ) | |
| PAULA BURCH, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Paula Burch's Motion to Compel Arbitration or, in the Alternative, to Dismiss. (ECF No. 6). The Motion has been fully briefed and is ready for disposition.

Plaintiff Mary Fenlon initiated this action on December 26, 2014 by filing a petition in the Circuit Court of St. Louis County, Missouri (the "Complaint"). (Removal Notice, ECF No. 1, ¶ 1). According to the Complaint, Fenlon was employed by Clearent, LLC ("Clearent") at all times relevant to this case. (Complaint, ECF No. 4, ¶ 1). Burch was employed by Clearent in a supervisory capacity during the same time. *Id.* ¶¶ 2, 3. Sometime in 2014, Fenlon noticed that Burch and several of the employees she supervised were "being paid full time but only working part-time." *Id.* ¶¶ 5, 12, 13. After discovering this information, Fenlon "reported the situation to upper management." *Id.* ¶ 11. "Upon learning of plaintiff's disclosure, defendant Burch developed a scheme, plan and design to interfere with plaintiff's employment with Clearent by attempting to get her fired." *Id.* ¶ 15. Fenlon claims that Burch's actions amounted to intentional interference with the employment contract between Fenlon and Clearent. *Id.* ¶ 19. Fenlon seeks damages, including lost wages, based on that claim. *Id.* ¶ 21.

Fenlon and Burch were each party to separate arbitration agreements with Clearent. (Fenlon Agreement, ECF No. 6-1, Exh. A; Burch Agreement, ECF No. 6-1, Exh. B). In their arbitration agreements, the parties and Clearent agreed "to arbitrate before a neutral arbitrator any and all disputes or claims arising from or relating to Employee's recruitment to or employment with Clearent, or the termination of that employment, including claims against any current or former agent or employee of Clearent . . . ." (Fenlon Agreement at 1; Burch Agreement at 1). The agreements made arbitration "the sole and exclusive method of resolving any and all existing and future disputes" within that scope. *Id.*

In her Motion, Burch seeks either to compel arbitration of Fenlon's claim against her or to have the Complaint dismissed for failure to state a claim upon which relief can be granted.

## DISCUSSION

I.  *Motion to Compel Arbitration*

Burch contends that Fenlon's claim against her must be resolved in arbitration because both parties "executed mutual arbitration agreements as a condition of their employment with Clearent . . . ." (Support Memo, ECF No. 7, at 2). These arbitration agreements were valid, and Fenlon's claim falls within the scope of covered disputes. *Id.* at 3-6. Fenlon does not dispute that her arbitration agreement with Clearent is valid and enforceable. She contends instead that Burch cannot enforce the arbitration agreement against her because Burch "is not a party to the agreement between [Fenlon] and Clearent. There is no agreement to arbitrate between" Fenlon and Burch. (Fenlon Response, ECF No. 18, at 1). Moreover, Burch "does not stand in the shoes of Clearent and has no rights under an agreement between [Fenlon] and Clearent." *Id.* at 3.

Fenlon is correct that no arbitration agreement exists between her and Burch. Each party signed an arbitration agreement with Clearent, and neither signed one with the other. The issue here therefore is whether Burch has some basis for enforcing Fenlon's agreement with Clearent. "The Supreme Court has ruled that state contract law governs the ability of nonsignatories to enforce arbitration provisions." *Donaldson Co. v. Burroughs Diesel, Inc.*, 581 F.3d 726, 732 (8th Cir. 2009) (citing *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630-31 (2009)). The *Arthur Andersen* court noted that general contract law normally allows non-parties to enforce contracts under concepts such as "assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel." *Arthur Andersen*, 556 U.S. at 631 (quoting 21 R. Lord, *Williston on Contracts* § 57:19, p. 183 (4th ed. 2001)). It is "these state law principles [that] control whether a nonparty to an arbitration agreement can enforce the agreement under sections 3 and 4" of the Federal Arbitration Act. *Donaldson*, 581 F.3d at 732.

Burch nowhere contends that the Missouri version of one of the theories listed in *Arthur Andersen* provides a reason to allow her to enforce Fenlon's arbitration agreement with Clearent. Again, her only argument is that both signed independent agreements and that arbitration is therefore appropriate. The fatal flaw in Burch's argument is that no agreement between the parties exists. Burch is therefore a nonsignatory of Fenlon's arbitration agreement, and there must be some reason why she, although a nonsignatory, can enforce the contract. Since the Court is presented with none, there is no basis on which to compel arbitration. That portion of Burch's Motion therefore must be denied.[1]

---

[1] Burch suggests in her Reply that federal law, not state law, governs a nonsignatory's ability to enforce an arbitration provision. (Burch Reply, ECF No. 19, at 3). She relies on *Finnie v. H&R Block Fin. Advisors, Inc.*, 307 Fed. App'x 19 (8th Cir. 2009) (*per curiam*), an unpublished *per curiam* opinion, for the proposition that a nonsignatory may enforce an arbitration provision under federal law where the relationship between a nonsignatory and signatory is "sufficiently close." *Id.* at 21 (quoting *CD Partners, LLC v. Grizzle*, 424 F.3d 795, 798-800 (8th Cir. 2005)). *Finnie* conflicts with the Supreme Court's

## II. Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

Burch also contends in her Motion that Fenlon's Complaint should be dismissed for failure to state a claim in accordance with the requirements of Fed. R. Civ. P. 8(a)(2). (Support Memo at 6-10). Specifically, she contends that Fenlon has failed to state a claim under Missouri law "for tortious interference with a contract or business expectancy . . . ." *Id.* at 9 (internal quotation marks omitted). Instead, according to Burch, Fenlon "has done nothing more than recite the elements of a tortious interference with a contract claim." *Id.* at 10. Fenlon responds that her Complaint not only satisfied Rule 8(a)(2) but is "more than sufficient under federal rules [*sic*]." (Fenlon Response at 8).[2]

When ruling on a motion to dismiss under Rule 12(b)(6) for failure to state a claim, courts must view the allegations in the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Courts must also "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A Rule 12(b)(6) motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (2007). Stated differently, to survive a Rule 12(b)(6) motion, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555 (citations omitted).

Under Missouri law, a claim of tortious interference with a contract or business relationship requires proof of the following elements: "(1) a contract or valid business

---

holding in *Arthur Andersen* and the Eighth Circuit's holding in *Donaldson*, both of which were decided after *Finnie*. *Finnie* therefore has no precedential value.

[2] Burch also contends that Fenlon has failed to make out a sufficient claim of "wrongful discharge in violation of public policy . . . ." (Support Memo at 7). Fenlon's Complaint does not make explicit her theory of relief, (*see generally* Complaint), and she has made no attempt in her Response to show that her Complaint makes out a sufficient claim of wrongful discharge. The Court therefore treats the Complaint as containing only a claim for tortious interference.

expectancy; (2) defendant's knowledge of the contract or relationship; (3) a breach induced or caused by defendant's intentional interference; (4) absence of justification; and (5) damages." *Rice v. Hodapp*, 919. S.W.2d 240, 245 (Mo. 1996) (*en banc*). To survive dismissal, Fenlon must have pled sufficient facts to make out a plausible claim in light of those elements.

Fenlon contends her Complaint makes out a sufficient claim because it contains the following allegations:

> 17. Plaintiff Mary Fenlon had a written employment contract with Clearent.
>
> 18. Defendant Burch knew of plaintiff's employment contract.
>
> 19. Defendant Burch intentionally interfered with and caused a severance and termination of plaintiff's employment relationship with Clearent.
>
> 20. The actions of defendant Burch were without justification.
>
> 21. That as a direct and proximate result of the actions of defendant Burch, plaintiff has been damaged.

(Fenlon Response at 8 (quoting Complaint ¶¶ 17-21)). Plaintiff also notes that the Complaint "sets forth the factual motive for the tortious interference[,]" i.e. the allegations discussed above regarding Fenlon alerting Clearent about pay irregularities among the employees Burch supervised. *Id.*

These allegations are insufficient to state a claim under Rule 8(a)(2). The allegations in ¶¶ 17-21 are nothing more than a bare recitation of the elements of a tortious interference claim, which on their own are insufficient to support a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, support by mere conclusory statements, do not suffice."). While Fenlon is correct that she has also pled facts that may have given Burch a motive to interfere with Fenlon's employment contract, there is not a

5

single factual allegation that gives some indication of what Burch did to interfere with Fenlon's contract. Nor, as Burch notes, does the Complaint provide any information about the terms of the contract. (Support Memo at 10). It is therefore impossible to discern which contract terms were the subject of Burch's interference. Without some factual allegations regarding the nature of Burch's actions, even with allegations that suggest a potential motive, Fenlon's claim of tortious interference is too speculative to survive dismissal. It is appropriate, however, to allow Fenlon an opportunity to amend her Complaint and correct these deficiencies.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Paula Burch's Motion to Compel Arbitration or, in the Alternative, to Dismiss, (ECF No. 6), is **DENIED** to the extent it seeks to compel arbitration.

**IT IS FURTHER ORDERED** that Burch's Motion is **GRANTED** to the extent it seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6), and Fenlon's Complaint, (ECF No. 4), is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Fenlon will have 10 days from the date of this Memorandum and Order to file an amended complaint.

Dated this 18th day of May, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE